# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 20-293-01 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| DEMETRIUS LOSTON (01) | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) filed by Defendant Demetrius Loston ("Loston"). *See* Record Document 477. Loston moves this Court to reconsider its memorandum ruling [Record Document 476] denying his motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, his motions for an evidentiary hearing and for Rule 6 discovery, and a certificate of appealability. *See* Record Document 477. Loston asks this Court to alter or amend its memorandum ruling, reconsider and address the factual materials presented in his reply, authorize Rule 6 discovery, and set an evidentiary hearing. *See id.* at 8-9. Loston alternatively moves the Court to issue a certificate of appealability. *See id.* at 9. For the following reasons, Loston's motion for reconsideration [Record Document 477] is **DENIED**. Loston's request for a certificate of appealability is likewise **DENIED**.

Federal Rule of Civil Procedure 59(e) allows a court to alter or amend a judgment. *See* Fed. R. Civ. Pro. 59(e). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quotation omitted). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 479 (alteration in

original) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)). A manifest error "is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

In the instant matter, Loston identifies three allegedly manifest errors: "(1) material factual disputes were resolved against [him] on the papers, (2) targeted discovery requests meeting the 'good cause' standard of Rule 6 were denied as 'fishing,' and (3) sworn allegations supported by corroborating evidence were disregarded as 'untimely' merely because they were detailed in a reply." Record Document 477 at 1. Each argument is without merit.

First, Loston's argument that the Court erred by denying his request for an evidentiary hearing is without merit. The Court found Loston was not entitled to an evidentiary hearing because it was "conclusive from his filings that he [wa]s not entitled to § 2255 relief." Record Document 466 at 31. As this Court previously explained, a court may deny a § 2255 motion without an evidentiary hearing if "the movant would not be entitled to relief as a matter of law, even if his factual assertions were true." *United States v. Harrison*, 910 F.3d 824, 826-27 (5th Cir. 2018), *as revised* (Dec. 19, 2018). The Court considered Loston's § 2255 arguments and found them wholly without merit.[1] Because

---

[1] Loston also avers this Court erred when it denied an evidentiary hearing for his claim that his counsel promised him a certain sentence. *See* Record Document 477 at 6-7. However, Loston's proffered declaration was "inconsistent with the bulk of [his] conduct"

2

Loston is not entitled to relief as a matter of law, an evidentiary hearing was not warranted. Accordingly, Loston presents no manifest error warranting reconsideration of this Court's Memorandum Ruling.

Second, Loston's claim that this Court erred by denying his Rule 6 motion for discovery is without merit. In his motion for Rule 6 discovery, Loston sought "[a] copy of any and all lab reports and affidavits . . . pertaining to the seized drugs that was found on Jasmine Lane that the Government used as evidence only" and "[a] copy of any all chain of custody that was used by the DEA and any other agency that was directly and/or indirectly involved in the above case as to seizure of the drugs that was found on Jasmine Lane only."[2] Record Document 440 at 2. In finding that Loston was not entitled to Rule 6 discovery, the Court did not "collapse[] the good cause standard into a merits ruling." Record Document 467 at 5. Instead, the Court specifically cited and applied the good cause standard. *See* Record Document 466 at 32. Loston did not, and still has not, "show[n] reason to believe that [he] may, if the facts are fully developed, be able to

---

and the record. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Specifically, the Court found "that the plea agreement, change of plea hearing transcript, and affidavit 'clearly refute [Loston]'s allegation that [his] attorney had promised [him] a lower sentence.'" Record Document 466 at 9 (quoting *Cervantes*, 132 F.3d at 1111). This conclusion was not a manifest error.

[2] In his motion for reconsideration, Loston alleges he sought Rule 6 discovery on other categories of evidence. Those requests were not included in his motion for Rule 6 discovery, and he may not add those claims now. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 477 (5th Cir. 2004) (finding that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). In any event, even if the Court were to consider those requests, the Court would not change its conclusion because Loston has not made the required showings.

demonstrate that he is . . . entitled to relief." *Id.* (quoting *In re Robinson*, 917 F.3d 856, 865 (5th Cir. 2019)). Thus, for the reasons previously enunciated by the Court, Loston is not entitled to Rule 6 discovery. Accordingly, Loston presents no manifest error warranting reconsideration of this Court's Memorandum Ruling.

Finally, Loston claims the Court erred because it "declined to address material allegations and evidentiary proffers raised in [his] Reply, characterizing them as 'untimely' or 'new claims.'" Record Document 477 at 3 (emphasis removed). This argument, too, is without merit. Loston's argument seems to stem from his mischaracterization of this Court's Memorandum Ruling. The Court did not wholesale forego consideration of Loston's reply and the evidence attached thereto. Instead, the Court explained it would not consider any *new* factual allegations raised by Loston in his reply and evidentiary proffers. *See* Record Document 466 at 2-3 n.1.

Loston claims he proffered sworn declarations to corroborate "his allegations that counsel promised him 'no more than 17 years' if he pled guilty, evidence of recording malfunctions and untested drug quantities, and targeted deficiencies in the Title III necessity showings." Record Document 477 at 4. Of these claims, the Court found untimely only Loston's claim regarding "the Title III necessity showings." *Id.*; *see also* Record Document 466 at 21 n.4. That conclusion was, and remains, proper. Where a new claim "require[s] factual support that 'differ[s] in both time and type' from that required by the timely claim, the new claims do not relate back." *United States v. Alaniz*, 5 F.4th 632, 636 (5th Cir. 2021) (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Such is precisely the case here. Loston raised his necessity argument in his reply. Although he may have

4

previously argued the wiretap was improper for other reasons, consideration of his necessity argument would have required the Court to consider new evidence. Put differently, Loston's original factual allegations would not support "both the original and the newly-asserted claims." *Alaniz*, 5 F.4th at 638. Thus, his claim was untimely. The Court did not commit manifest error by refusing to consider evidence related to that claim.

As for the remaining claims, the Court considered the merits of each of Loston's arguments. *See* Record Document 466 at 6-9 (discussing his counsel's alleged promise of a certain sentence), 10-12 (discussing untested drug quantities), 16-21 (discussing other alleged deficiencies in Title III wiretaps and recording malfunctions), 29-30 (discussing affidavit underlying the Title III wiretap). Because the Court considered the merits of these claims, it clearly cannot be said that the Court found such claims untimely. Further, to the extent Loston claims the Court did not consider certain evidence, he does not direct the Court to any portion of its memorandum ruling finding specific factual evidence untimely. That the Court did not cite Loston's evidence does not mean the Court did not consider it. Further, for some of these arguments, the Court specifically cited to Loston's reply. *See e.g. id.* at 19-20. Thus, the Court finds this argument without merit. Accordingly, Loston presents no manifest error warranting reconsideration of this Court's Memorandum Ruling.

In conclusion, Loston has not demonstrated a manifest error requiring this Court to amend or alter its Memorandum Ruling. Accordingly, **IT IS ORDERED** that Loston's motion for reconsideration [Record Document 477] is **DENIED**. **IT IS FURTHER ORDERED** that Loston's request for a certificate of appealability is **DENIED** for the

reasons previously set forth in this Court's Memorandum Ruling denying his § 2255 motion. *See* Record Document 476 at 33.

**THUS DONE AND SIGNED** this 15th day of September, 2025.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE